James E. Holland, Jr. (021826)
Javier Torres (032397)
**STINSON LEONARD STREET LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email:  james.holland@stinson.com
          javier.torres@stinson.com
Attorneys for HKB, Inc., dba Southwest Industrial Rigging

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| HKB, INC., an Arizona corporation, doing business as SOUTHWEST INDUSTRIAL RIGGING,<br><br>                              Plaintiffs,<br><br>v.<br><br>BOARD OF TRUSTEES FOR THE SOUTHWEST CARPENTER'S SOUTHWEST TRUST; CARPENTERS SOUTHWEST ADMINISTRATIVE CORP.,<br><br>                              Defendants. | No. 2:16-cv-03799<br><br>**NOTICE OF CALIFORNIA COURT RULING RE: VENUE**<br><br>**AND**<br><br>**MOTION TO CONSOLIDATE CASES**<br><br>Assigned to the Honorable Diane J. Humetawa |

Plaintiff HKB, Inc., dba Southwest Industrial Rigging's ("Southwest") hereby provides notice of a ruling issued by the California federal district court transferring venue of a closely related case to this Court. This ruling significantly narrows the defendant Funds' pending Motion to Dismiss Pursuant to FRCP 12(B)(3), (6), (7), or, in the Alternative, to Stay Action filed in this case (Doc. 14). Relevant here, the Funds' motion to dismiss or stay was based on the first-to-file rule (the Funds filed their lawsuit against Southwest in California just a few days before Southwest filed this lawsuit here) and a purported forum-selection clause in favor of California. The California district court concluded that "the Arizona District court is the most appropriate forum to determine all the issues here."[1] That decision is entitled to deference by this Court as

---

[1] Civil Minutes (1/17/17) p. 1—Central District of California CV-16-08040-MWF-SK (Doc 28), attached as Ex. A.

CORE/3008422.0002/131128213.2

1 law of the case.[2]

2 The California court's ruling does not entirely dispose of the Funds' pending motion. The motion seeks dismissal for four reasons: (1) first-to-file rule, (2) failure to join an indispensable party, (3) federal preemption, and (4) a purported forum-selection clause.[3] None of the Funds' arguments have merit, but the California court's ruling only disposes of the first and fourth arguments. For the reasons set forth in it Opposition Memo (Doc. 19), Southwest respectfully requests that this Court deny the Funds' pending motion to the extent it addresses failure to join an indispensable party and preemption.

Separately, with the California lawsuit coming to this Court, the two cases should be consolidated. Both parties agree that the cases substantially overlap. According to the Funds, "both cases result out of the same transaction and involve the same Agreements; hence, they ought to be considered to be sufficiently similar. . . . [I]n the California case, monetary damages are sought, while in this case, Plaintiff requests declaratory relief that the Memorandum is unenforceable."[4] Likewise, the federal district court in California recognized the substantial overlap when granting Southwest's motion to transfer venue. "After [the California] action was filed, [Southwest] filed suit in Arizona federal court seeking to have the [contract at issue in the California action] invalidated on state law grounds."[5] Based on that substantial overlap, the California case being transferred to this court should be consolidated with this case for judicial efficiency and to avoid the possibility of inconsistent results.

In sum, Southwest hereby requests that this Court deny the Funds' pending motion to the extent it argues that this Court is an improper venue and consolidate this case with that case from California.

---

[2] *c.f. Christianson v. Colt Industries*, 486 U.S. 800, 819, 108 S.Ct. 2166, 2179 (1988).
[3] Motion to Dismiss Pursuant to FRCP 12(B)(3), (6), (7), or, in the Alternative, to Stay Action p.1 (Doc 14)
[4] Motion to Dismiss Pursuant to FRCP 12(B)(3), (6), (7), or, in the Alternative, to Stay Action 6:12-16 (Doc 14).
[5] Ex A, p.2.

1 | RESPECTFULLY SUBMITTED __23rd__ day of January 2016.

**STINSON LEONARD STREET LLP**

By:  /s/ Javier Torres
James E. Holland, Jr.
Javier Torres
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Attorneys for Southwest Industrial Rigging

CORE/3008422.0002/131128213.2

3

**CERTIFICATE OF SERVICE**

I hereby certify that on January 23, 2017 I caused the foregoing document to be filed electronically with the Clerk of Court through ECF; and that ECF will send an e-notice of the electronic filing to:

Daniel Shanley
DeCarlo & Shanley
533 South Freemont Avenue, Ninth Floor
Los Angeles, California 90071-1706
dshanley@deconsel.com

/s/ Celia M. Guerrero

CORE/3008422.0002/131128213.2

4