James E. Holland, Jr. (021826)
Javier Torres (032397)
**STINSON LEONARD STREET LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email:  james.holland@stinson.com
            javier.torres@stinson.com

Attorneys for HKB, Inc., dba Southwest Industrial Rigging

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| HKB, INC., an Arizona corporation, doing business as SOUTHWEST INDUSTRIAL RIGGING,<br><br>                    Plaintiffs,<br><br>v.<br><br>BOARD OF TRUSTEES FOR THE SOUTHWEST CARPENTER'S SOUTHWEST TRUST; CARPENTERS SOUTHWEST ADMINISTRATIVE CORP.,<br><br>                    Defendants. | No. 2:16-cv-03799<br><br>**NOTICE OF CALIFORNIA COURT RULING RE: VENUE**<br><br>(Assigned to the Honorable Diane J. Humetawa) |

Plaintiff HKB, Inc., dba Southwest Industrial Rigging ("Southwest") hereby provides notice of a ruling issued by the California federal district court transferring venue of a closely related case to this Court. The ruling is attached as Exhibit A. The ruling significantly narrows the pending Motion to Dismiss Pursuant to FRCP 12(B)(3), (6), (7), or, in the Alternative, to Stay Action (Doc. 14) filed by defendants Board of Trustees for the Southwest Carpenter's Southwest Trust and Carpenters Southwest Administrative Corp. (collectively, the "Funds"). Relevant here, the Funds' motion was based on the first-to-file rule (the Funds filed their lawsuit against Southwest in California just a few days before Southwest filed this lawsuit here) and a purported forum-selection clause in favor of California. The California district court disposed of

1  those arguments by concluding that "the Arizona District court is the most appropriate
2  forum to determine all the issues."[1] That decision is entitled to deference by this Court
3  as law of the case.[2] Thus, based upon the California court's ruling, the Funds' pending
4  motion should be denied to the extent it argues that this Court is an improper venue.

5        The California court's ruling does not entirely dispose of the Funds' pending
6  motion to dismiss or stay. The motion seeks dismissal for four reasons: (1) first-to-file
7  rule, (2) failure to join an indispensable party, (3) federal preemption, and (4) a
8  purported forum-selection clause.[3] None of the Funds' arguments have merit, but the
9  California court's ruling only disposes of the first and fourth arguments. To the extent
10 the pending motion addresses failure to join an indispensable party and preemption, it
11 should be denied for the reasons set forth in its Opposition (Doc. 19).

12       RESPECTFULLY SUBMITTED __24th__ day of January 2016.

13         **STINSON LEONARD STREET LLP**

14     By:  /s/ Javier Torres
15         James E. Holland, Jr.
        Javier Torres
16         1850 North Central Avenue, Suite 2100
        Phoenix, Arizona 85004-4584
17         Attorneys for Southwest Industrial Rigging

---

[1] Civil Minutes (1/17/17) p. 1—Central District of California CV-16-08040-MWF-SK (Doc 28), attached as Ex. A.
[2] *c.f. Christianson v. Colt Industries*, 486 U.S. 800, 819, 108 S.Ct. 2166, 2179 (1988).
[3] Motion to Dismiss Pursuant to FRCP 12(B)(3), (6), (7), or, in the Alternative, to Stay Action p.1 (Doc 14).

CORE/3008422.0002/131374292.1

**CERTIFICATE OF SERVICE**

I hereby certify that on January 24, 2017 I caused the foregoing document to be filed electronically with the Clerk of Court through ECF; and that ECF will send an e-notice of the electronic filing to:

Daniel Shanley
DeCarlo & Shanley
533 South Freemont Avenue, Ninth Floor
Los Angeles, California 90071-1706
dshanley@deconsel.com

/s/ Celia M. Guerrero

CORE/3008422.0002/131374292.1

3