1  DANIEL SHANLEY (021322)
   Email Address: dshanley@deconsel.com
2  THOMAS DAVIS, admitted pro hac vice
   Email Address: tdavis@deconsel.com
3  DeCARLO & SHANLEY,
   a Professional Corporation
4  533 S. Fremont Avenue, Ninth Floor
   Los Angeles, California  90071-1706
5  Telephone (213) 488-4100
   Telecopier (213) 488-4180
6
7  ATTORNEYS FOR DEFENDANTS, CARPENTERS SOUTHWEST
   ADMINISTRATIVE CORPORATION and BOARD OF TRUSTEES
   FOR THE CARPENTERS SOUTHWEST TRUSTS
8

9                    UNITED STATES DISTRICT COURT

10                         DISTRICT OF ARIZONA

11

12 | HKB, INC., an Arizona corporation, ) 2:16-cv-03799-DJH
   | doing business as SOUTHWEST       )
13 | INDUSTRIAL RIGGING,               )
                                       ) DEFENDANTS' OPPOSITION TO
14 |             Plaintiff,            ) PLAINTIFF'S AMENDED MOTION
                                       ) FOR SUMMARY JUDGMENT
15 | v.                                ) RE: STATUTE OF LIMITATION
                                       )
16 | BOARD OF TRUSTEES FOR THE         )
   | CARPENTERS SOUTHWEST              )
17 | TRUSTS, erroneously sued as BOARD )
   | OF TRUSTEES FOR THE               )
18 | SOUTHWEST CARPENTER'S             )
   | SOUTHWEST TRUST; et al            )
19                                     )
   |             Defendants.           )
20 | CARPENTERS SOUTHWEST              )
   | ADMINISTRATIVE CORPORATION,       )
21 | a California non-profit corporation; et al )
                                       )
22 |             Plaintiffs,           )
                                       )
23 | v.                                )
                                       )
24 | H K B Inc., et al                 )
                                       )
25 |             Defendants.           )

26 ///
27 ///
28 ///

## I. INTRODUCTION

The Court should deny the motion for summary judgment. Plaintiff premises its motion upon the incorrect assumption that A.R.S. § 12-541, Arizona's one-year statute of limitations for certain employment disputes applies to this case. It does not.

In reaching its flawed conclusion, Plaintiff totally ignores a series of Ninth Circuit decisions, as well as numerous other Circuit precedents. These decisions demonstrate that, with respect to ERISA collections cases, Arizona's six-year limitations period for breach of contract claims set forth in A.R.S. §12-548(A)(1) governs. *See e.g. Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc.*, 823 F.2d 289, 298 (9th Cir. 1987) (Hawaii's six-year statute of limitations applies); *Trustees for Alaska Laborers-Constr. Indus. Health & Sec. Fund v. Ferrell*, 812 F.2d 512, 517 (9th Cir. 1987) (Alaska's six-year statute of limitations applies). *See also, e.g., Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1054 (6th Cir. 2015)("Michigan's six-year statute of limitations for contract actions applies to the Funds' collection suit."); *Robbins v. Iowa Rd. Builders Co.*, 828 F.2d 1348, 1355 (8th Cir. 1987)(Iowa's ten-year statute of limitations for actions for breach of written contracts applies).

Alternatively, even applying Arizona's one-year statute of limitations, Plaintiff's Motion should be denied. This is because there are disputed facts and/or necessary discovery that must be completed that preclude summary judgment at this early stage of the case and the premature Motion precludes Defendants from raising all available defenses.

## II. STATEMENT OF DISPUTED FACTS

By way of background, Defendant, BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS, erroneously sued as BOARD OF TRUSTEES FOR THE SOUTHWEST CARPENTER'S SOUTHWEST TRUSTS ("Board") is the trustee of ERISA Trust Funds which exist pursuant to section 302

1

of the LMRA, 29 U.S.C. §186; the Trust Funds include pension, vacation, health and welfare, and training trust funds that benefit members of the Southwest Regional Council of Carpenters ("SWRCC"). Defendant CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION ("CSAC") is a California non-profit corporation, which along with the Board, is an authorized agent to act on behalf of the Trust Funds with respect to delinquent employer contributions.

H K B Inc., an Arizona corporation, doing business as SOUTHWEST INDUSTRIAL RIGGING ("Plaintiff") is a contractor that entered into a Memorandum Agreement ("Memorandum") on or about August 22, 2013 with the SWRCC in order to obtain the services of craftsmen who fulfilled the SWRCC's training programs. (Controverting Statement of Facts "CSF", ¶14.) The Memorandum binds Plaintiff to the terms of the Master Labor Agreements between the United General Contractors Association, Inc. and the SWRCC, dated July 1, 2012 and the Arizona Builders' Alliance and the SWRCC, dated July 1, 2012. *Id.* The Memorandum also binds Plaintiff to the terms of the Trust Fund agreements. *Id.*

One of CSAC's responsibilities is to conduct audits of employers. (CSF, ¶15.) In the present case, CSAC audited the Plaintiff's documentation in an audit that examined Plaintiff's compliance for the September 1, 2013 through December 31, 2014 period; the audit showed that, while Plaintiff agreed to be bound by the terms of the Master Agreements as to all construction work of the types set forth in the Master Agreements, Plaintiff reneged upon this agreement by employing non-union employees to complete such work and failing to remit contributions to the Trust Funds for the this work. (CSF, ¶16.)[1] After CSAC's efforts to collect upon such

---

[1] At ¶102.3, the Master Labor Agreement between the United General Contractors Association, Inc. and the SWRCC, dated July 1, 2012, provides, in relevant part: "If and when the Employer shall perform any on-site construction work of the type covered by this Agreement ... the terms and conditions of this Agreement shall be applicable to all such work on that job or project." Watanabe

delinquent contributions proved fruitless, Defendants filed suit on October 28, 2016 in the United States District Court for the Central District of California in order to collect upon the delinquent contributions.

On November 2, 2016, Plaintiff filed this suit against Defendants. In the Complaint, Plaintiff alleges, inter alia, that its salesperson, Tom Allen, signed the Memorandum, despite lacking authority to execute such agreements for Plaintiff.[2] In its initial motion for summary judgment, Plaintiff emphasized that it is not bound to the Memorandum due to Mr. Allen's claimed lack of authority.[3] In order to rebut this and other arguments, Defendants propounded discovery requests upon Plaintiff. Shanley Decl'n, ¶4, 5; Ex. 3. On March 15, 2017, Plaintiff withdrew its initial

---

Decl'n, Ex. 1. Paragraphs 2001 through 2601 set forth the various trust funds and the Employer's responsibility to contribute to such funds. Watanabe Decl'n, Ex. 1. Similarly, at ¶¶101.1 and 102, the Master Labor Agreement between the Arizona Builders' Alliance and the SWRCC, dated July 1, 2012, set forth that this Agreement applies to all of the Contractors' employees performing construction work and that all work performed must be rendered in accordance with the Agreement' terms. Watanabe Decl'n, Ex. 2. Articles 19 through 22 set forth the various trust funds and the Employer's responsibility to contribute to such funds. Watanabe Decl'n, Ex. 2. Finally, each of the trust funds state that an "'employee" means an employee who performs "work covered by any of the collective bargaining agreements." Health and Welfare Trust, Art. I, Section 3; Pension Trust, Art. I, Section 3; Training Fund, Art. I, Section 13; Vacation Trust, Art. I, Section 3; Watanabe Decl'n, Ex. 3. Hence, regardless of whether the covered work was performed by union or non-union employees, the Plaintiff remains responsible to contribute to the trust funds.

[2] The Central District of California case was transferred to this Court; the two cases were consolidated on February 16, 2017 (Document Number: 29).

[3] The availability of contract defenses to trust fund collection actions is restricted, and the employer may only raise contract defenses that render the collective bargaining agreement void rather than voidable. See *Southwest Admrs., Inc. v. Rozay's Transfer*, 791 F.2d 769, 773-775 (9th Cir. 1986). Hence, despite Plaintiff's reliance on it, it is unlikely that this defense is available in the circumstances of the present case.

Motion for Summary Judgment and filed its Amended Motion for Summary Judgment. Although the Amended Motion for Summary Judgment differs from the initial Motion for Summary Judgment in that references to Mr. Allen's claimed lack of authority to execute agreements have been removed, Plaintiff still presents the same evidence to the Court on this issue by presenting the Declaration of James Douglas Wilson as Plaintiff's Exhibit 1. Also, Plaintiff argues that Defendants' demands are based upon an incorrect interpretation of the Memorandum in that Defendants seek payment based upon services performed by Plaintiff's non-union employees. As described in greater detail below, in that the Amended Motion still presents this evidence, Defendants still need discovery pursuant to FRCP 56(d).

In that Plaintiff references Mr. Allen's claimed lack of authority to execute agreements through the Wilson Declaration, Defendants, given the currently available evidence, represent that Mr. Allen met with a SWRCC representative on multiple occasions at Plaintiff's offices, represented that he was Manager of Construction (or held a similar title) and that he had authority to bind Plaintiff to the Memorandum. (CSF, ¶17.) Also, either around the time of the execution of the Memorandum or within a few months thereafter, a SWRCC representative met with Ms. Ornelas, the Plaintiff's Human Resources Manager, who did not raise any concerns regarding the formation of this agreement, but merely requested some details regarding benefit payments. (CSF, ¶18.) Further, Plaintiff demonstrated its intention to be bound by the agreement by utilizing SWRCC workers, filing monthly reports and providing them to the Defendants from September 2013 to the middle of 2016;[4] Plaintiff made payments pursuant to the terms of the Agreements

---

[4] In relevant part, these forms indicate that "[b]y submitting this report, the undersigned certifies that all compensated hours paid to carpenter employees employed by the undersigned ... are reported herein; that all contributions required have been paid for any person working with tools of the trade ... that the undersigned is bound by all payments reported herein are made under and pursuant

4

for months where the Plaintiff used the services of SWRCC workers. (CSF, ¶19.) Plaintiff provided Defendants with an executed "Declaration on Company Status - C4A Program" form. (CSF, ¶20.) In that Plaintiff claims that it is not bound, since Mr. Allen lacked authority to execute agreements, it is noteworthy that the "Declaration on Company Status - C4A Program" form was signed by Human Resources Manager Ornelas less than two months after the Memorandum was executed. See Watanabe Decl'n, Ex. 5. It was only after Defendants' counsel sent a demand letter to Plaintiff's counsel that Plaintiff's counsel, for the first time, asserted that Plaintiff's "former sales representative, Tom Allen, may have signed a document ... Mr. Allen did not have actual, implied or apparent authority to bind Southwest Industrial Rigging ..." (CSF, ¶21.)

In sum: 1) The Defendants brought their action well with the applicable statute of limitations; 2) Plaintiff's claims that the Defendants wrongly interpreted the Memorandum to require Plaintiff to pay for work performed by Plaintiff's non-union employees are without merit. Pursuant to the collective bargaining agreements, Plaintiff must contribute to the trust funds for any covered work; 3) Likewise without merit is Plaintiff's claim that it is not bound by the Memorandum.

### III. ARGUMENT

#### A. MOTION FOR SUMMARY JUDGMENT STANDARDS

"Summary judgment is inappropriate if reasonable jurors, drawing all inferences in favor of the nonmoving party, could return a verdict in the nonmoving party's favor." *Diaz v. Eagle Produce Ltd. P'ship*, 521 F.3d 1201, 1207 (9th Cir. 2008), citing *United States v. Shumway*, 199 F.3d 1093, 1103-04 (9th Cir. 1999).

---

to the appropriate written agreements applicable to the Trust Funds ... By this payment to the Carpenters Trust Funds, it is understood and acknowledged that the undersigned is signatory and bound to a current collective bargaining agreement with the Carpenters Union providing for each trust fund payment ..." Watanabe Decl'n, Ex. 4, Southwest Carpenters Trust, Employers Monthly Report To Trustees.

1  "[T]he moving party has the initial burden of establishing the absence of a genuine
2  issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v.*
3  *Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000). If the moving party fails to
4  meet its initial burden, summary judgment must be denied and the court need not
5  consider the nonmoving party's evidence. *Adickes v. S.H. Kress & Co.*, 398 U.S.
6  144, 159-60, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970).

7  If the moving party satisfies its initial burden, the burden then shifts to the
8  opposing party to establish that a genuine issue of material fact exists. See
9  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct.
10 1348, 89 L. Ed. 2d 538 (1986). To establish the existence of a factual dispute, the
11 opposing party must establish that "the claimed factual dispute be shown to require
12 a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W.*
13 *Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

14 The evidence of the opposing party is "to be believed, and all justifiable
15 inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.
16 242, 255, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986).

17 **B. THE SIX YEAR LIMITATIONS PERIOD FOR BREACH OF**
18 **CONTRACT CLAIMS APPLIES TO THE PRESENT CASE**
19     1. **Application of a One-year Limitations Period Is Directly Contrary**
20         **to Ninth Circuit Precedent**

21 "In actions for violations of § 515 of ERISA, 29 U.S.C. § 1145, obligating
22 employers to contribute to their employee benefit plans, we have held that the forum
23 state's statute of limitations for breach of contract claims applies." *Felton v.*
24 *Unisource Corp.*, 940 F.2d 503, 511 (9th Cir. 1991), citing *N. Cal. Retail Clerks*
25 *Unions v. Jumbo Markets, Inc.*, 906 F.2d 1371, 1372 (9th Cir. 1990); *Pierce County*
26 *Hotel Employees v. Elks Lodge, B.P.O.E. No.* 1450, 827 F.2d 1324, 1328 (9th Cir.
27 1987); *Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc.*, 823 F.2d at
28 298; *Trustees for Alaska Laborers-Constr. Indus. Health & Sec. Fund v. Ferrell*,

812 F.2d 512, 517 (9th Cir. 1987). Arizona has a six year limitations period for breach of contract claims. A.R.S. § 12-548(A)(1). Hence, the six year limitations period should be applied in the present case.

In *Hawaii Carpenters Trust Funds v. Waiola Carpenter Shop, Inc.*, 823 F.2d at 298, the Ninth Circuit provided a detailed analysis regarding the proper limitations period. In this decision, the court addressed the Hawaii District Court's decision imposing a one year statute of limitations in a collection action for employee benefit plans contributions:

> We recently held that state statutes of limitations governing claims for breach of contract are to be borrowed for ERISA collection actions, *Ferrell*, 812 F.2d 512,...
>
> In *Ferrell*, we applied an Alaska statute, holding:
>
>> The Trustees' claim can only be characterized as a straightforward breach of contract claim. The Trustees allege that Ferrell, as a successor employer, is bound by the compliance agreement which he breached by failing to make the required contributions. Accordingly, . . . we apply the Alaska limitations period governing contract actions.
>
> *Ferrell*, 812 F.2d at 517 (footnote omitted). The Alaska statute provided a six year period within which to commence suit. Id. at n.2. Similarly, the relevant Hawaii statute provides for a six year period. See Haw. Rev. Stat. § 657-1(1).
>
> Here the trustees' claim is similar to that of the trustees in *Ferrell* and the limitations period is identical. Accordingly, the Hawaii contract limitations period is applicable. We note especially that effectuation of federal policy is not impeded by application of a six year statute of limitations. Congress has expressed its clear desire 'to remove jurisdictional and procedural obstacles which . . . appear to . . . hamper[] effective . . . recovery of benefits due.' S. Rep. No. 127, 93d Cong., 1st Sess. reprinted in, 1974 U.S. Code Cong. & Admin. News 4838, 4871. Cf. *Dice v. Akron, C. & Y. R.R.*, 342 U.S. 359, 96 L. Ed. 398, 72 S. Ct. 312 (1952).
>
> Imposing too short a statute would interfere with the strong federal policy that underlies ERISA. The federal government, or more specifically the Pension Benefit Guaranty Corporation, will ultimately be liable for the payment of vested benefits if a pension plan is not adequately funded and terminates. In order to 'encourage the continuation and maintenance of voluntary private pension plans for the benefit of their participants,' 29 U.S.C. § 1302(a)(1), we believe that employee trust funds should be given ample opportunity to recover delinquent contributions. We need not decide here what period of time would be insufficient to protect federal interests since a six year period

7

clearly is adequate.

*Id.*

In the present case, like the statutes referred to in *Ferrell* and *Hawaii Carpenters Trust Funds*, A.R.S. § 12-548 provides a six year statute of limitation. The *Hawaii Carpenters Trust Funds* decision held that imposing a short statute, such as the one year statute used by the district court in that case, would have interfered with the federal policy that underlies ERISA. Plaintiff's argument that the one-year statute of limitations set forth in § 12-541 should be applied is directly contrary to the holding of *Hawaii Carpenters Trust Funds* and the lengthy series of Ninth Circuit decisions (cited above) requiring application of the forum state's statute of limitations for breach of contract actions.

The Ninth Circuit is not an outlier in reaching this conclusion. See, e.g. *Operating Eng'rs Local 324 Health Care Plan v. G&W Constr. Co.*, 783 F.3d 1045, 1054 (6th Cir. 2015)("Because ERISA does not provide a statute of limitations for ERISA collection actions, we, like other circuits, apply the limitations period for the state cause of action that is most analogous to the ERISA claim at issue. [Citations] We apply the forum state's general limitations period for contract actions, [Citations] and here, the parties agree that Michigan's six-year statute of limitations for contract actions applies to the Funds' collection suit."); *Trustees of Wyoming Laborers Health & Welfare Plan v. Morgen & Oswood Constr. Co.*, 850 F.2d 613, 620 (10th Cir. 1988), *overruled on other grounds by NLRB v. Viola Industries-Elevator Div., Inc.*, 979 F.2d 1384 (10th Cir. 1992)("We agree with the Trustees' contention that the Wyoming ten-year statute of limitations for actions based on written contract is applicable in this case."); *Robbins v. Iowa Rd. Builders Co.*, 828 F.2d 1348, 1355 (8th Cir. 1987)(We hold the state cause of action for breach of written contracts, and the applicable statute of limitations, is most analogous to trustee collection actions under ERISA. [Citations] Appellants' actions are not barred under Iowa's ten-year statute of limitations for actions for breach of

8

written contracts."); *Jenkins v. Local 705 International Brotherhood of Teamsters Pension Plan*, 713 F.2d 247, 253-254 (7th Cir. 1983)("The court holds that the ... most analogous Illinois statute of limitations is the one for written contracts. ... Appellant filed his civil complaint ... within the ten year Illinois statute of limitations for actions on a written contract.")  Hence, the application of the A.R.S. § 12-548 six-year statute of limitation is consistent with numerous decisions from various Circuits.

### 2. *Blood Sys. v. Roesler*'s Holding Is Inapposite to the Present Case

In *Blood Sys.*, an employee medical plan paid for an employee's spouse's medical benefits after the spouse suffered injuries in a motor vehicle accident. *Blood Sys.*, 972 F. Supp. 2d at 1153.  The employee and her spouse settled their claim against the other driver and the plan brought a subrogation action against the employee and her spouse. *Id.* The plan's subrogation claims against the employee were, "in effect, claims for benefits." *Id.*, 1154.  As the "Ninth Circuit has already ruled that the 'most analogous state statute of limitations' on claims for benefits is the state statute of limitations for actions on a written contract", the court choose between "Arizona's general six-year statute of limitations for written contracts[,] A.R.S. § 12-548 [and] Arizona's one-year statute of limitations for certain employment disputes[,] A.R.S. § 12-541." *Id.* The A.R.S. § 12-541 one-year limitations period "applies only to actions '[f]or breach of an oral or written employment contract including contract actions based on employee handbooks or policy manuals that do not specify a time period in which to bring an action.'" *Id.*, 1155, quoting A.R.S. § 12-541(3). "The Arizona Court of Appeals ... has interpreted [A.R.S. § 12-541] as applying to almost all disputes **between an employer and employee**." *Id.* (emphasis added.)

The court continued to analyze the issue of whether "an ERISA plan should be viewed as an 'employment contract' ... [T]here can be no dispute that the agreement between Blood Systems and the Roeslers regarding healthcare benefits

was a contract." *Id.* The court concluded that "claims regarding benefits under an ERISA plan qualif[y] as claims under an 'employment contract.'" *Id.*

The *Blood Sys.* court's analysis shows that the court applied A.R.S. § 12-541 to the dispute between employer and employee under the employment contract. If the statute's words, "[f]or breach of an oral or written employment contract including contract actions based on employee handbooks or policy manuals ..." were ambiguous, as the court stated, this statute was applied to "disputes between an employer and employee." *Blood Sys.*, 972 F. Supp. 2d at 1155. Hence, this statute does not apply to this dispute between the employer and the Board.

In addition, in *Blood Sys.*, the court's analysis shows that the application of the one year statute of limitations is inapplicable to the present case in that the court included the following analysis:

> Switching from the long-accepted limitations period of six-years to the one-year limitations period might be viewed as harsh when applied to the usual case of an individual seeking to recover ERISA benefits. But the possible harshness of a one-year limitations period is significantly mitigated by two underlying aspects of the law applicable to most ERISA claims for benefits. First, the possibility of contractual limitations periods. And second, the special accrual rule for ERISA claims.
> ...
> The second reason the Court believes the one-year limitations period is acceptable is the special accrual rule applicable to most claims for benefits. A claim for benefits usually requires administrative exhaustion. ... Therefore, individuals who file suits seeking benefits will have already gathered their evidence, presented their arguments, and gone through an entire administrative process. Requiring an individual file her suit within one year of that administrative process ending is reasonable.

*Blood Sys. v. Roesler*, 972 F. Supp. 2d at 1156-57.

In the circumstances of the present case, there has been no administrative process and the Defendants have not "already gathered their evidence [and] presented their arguments". *Id.*, 1157. Accordingly, in addition to the fact that the *Blood Sys.* court specifically referred to a "case of an individual seeking to recover ERISA benefits", *id.*, the absence of an administrative process shows the holding is

not applicable to the circumstances of the present case.[5]

It is noteworthy that, consistent with the interference with the federal policy underlying ERISA that the imposition of a short statute of limitation would cause (as recognized by the Ninth Circuit in *Hawaii Carpenters Trust Funds*), no decisions can be found that apply a one-year statute of limitation to an ERISA trust fund collection action.

## C. GENUINE ISSUES OF MATERIAL FACT EXIST REGARDING WHEN THE STATUTE OF LIMITATIONS BEGAN TO RUN

In its Motion, Plaintiff sets forth a number of different theories addressing when the claim accrued and the statute of limitations began to run. Motion, pp. 4-9. Defendants have shown above that the applicable statute of limitations is actually six years. This longer statute of limitations renders determining the time when the claim accrued moot. However, in the event that the Court is inclined to agree with Plaintiff that a shorter statute of limitations applies, the Court still ought to deny Plaintiff's Motion, because genuine issues of material fact exist regarding when the statute of limitations began to run.

In general, federal law determines when a federal cause of action accrues,

---

[5] Plaintiff's argument that *Blood Sys.* requires the conclusion that A.R.S. § 12-541 governs the present case is contrary to the holding of *Felton v. Unisource Corp.*, 940 F.2d at 511; in *Felton*, the court stated that in ERISA § 515 actions seeking to require employers to contribute to their employee benefit plans, the forum state's statute of limitations for breach of contract claims was applicable. *Id.* In prior cases of this type, the court observed that the applicable forum states' statutes of limitations were six years. *Id.* However, in *Felton*, the court addressed an action brought under § 510 of ERISA, which prohibits discrimination against plan participants for exercising their rights under the plan. *Id.*, 509. Hence, the court decided that "the Arizona statute of limitations for wrongful termination claims governs the Feltons' action," and applied a two-year statute of limitations, *id.*, 512, showing that different ERISA actions require the application of different statutes of limitations. Accordingly, Plaintiff's assertion that the *Blood Sys.* court's application of a one-year statute of limitations to a claim for plan benefits requires application of the same statute of limitations to all ERISA cases is incorrect.

despite the fact that state law determines the relevant statute of limitations. *Williams v. UNUM Life Ins. Co. of Am.*, 113 F.3d 1108, 1111 (9th Cir. 1997). ERISA actions are federal; thus, courts apply federal law to determine when the cause of action accrued. *Jumbo Markets, Inc.*, 906 F.2d at 1372. Under federal law, the statute of limitations begins to run when a plaintiff knows or has reason to know of the injury that is the basis of the action. *Id.* When the statute of limitations begins to run turns on what a reasonable person should have known, and is a mixed question of law and fact. *Rose v. United States*, 905 F.2d 1257, 1259 (9th Cir. 1990).

In *Dirs. of the Motion Picture Indus. Pension Plan v. Nu Image Inc.*, 2014 U.S. Dist. LEXIS 159850, *23-24 (C.D. Cal. 2014), the court reviewed defendant's motion for summary judgment; defendant contended that plaintiffs should have been aware of underpayments when the defendant issued paychecks. *Id.* Plaintiffs argued "that absent a payroll audit of the Nu Image films subject to payroll contributions, plaintiffs could not have been aware of Nu Image's allegedly deficient payments." *Id.*, *24. Accordingly, the Court found "a genuine issue of material fact regarding when the statute of limitations began to run on plaintiffs' payroll contribution claims." *Id.* See also, *Locals 302 & 612 of the Int'l Union of Operating Engr's Constr. Indus. Health & Sec. Fund v. Meko Constr., Inc.*, 2012 U.S. Dist. LEXIS 125388, *8 (W.D. Wash. Sept. 4, 2012)(It was possible that the trust funds' cause of action accrued more than six years before the trust funds filed suit in July 2011; it was also possible that the trust funds had no reason to know of the delinquency until six years before the trust funds filed suit. "The court cannot make this determination as a matter of law"); *Trs. of the Plumbers v. All Seasons Interior & Exterior Maint., Inc.*, 2015 U.S. Dist. LEXIS 13942, *10-12 (D. Nev. Feb. 3, 2015)(Cessation of reporting and late and smaller payments could have put plaintiffs on notice that defendant was not fulfilling its obligations under the CBA, but the court could not make that determination as a matter of law); *Trs. of the*

*Operating Eng'rs Pension Trust v. Smith-Emery Co.*, 906 F. Supp. 2d 1043, 1060 (C.D. Cal. 2012), rev'd on other grounds, 645 Fed. Appx. 581 (9th Cir. Cal. 2016) (court was unable to determine when the trusts knew or had reason to know of the underpayment; therefore, summary judgment was not appropriate as to whether any claims made in trusts' audit were time-barred).

The case law cited above shows that this is a matter that cannot ordinarily be determined as a matter of law, and is therefore not appropriate for summary adjudication. In the present case, the audit was initiated pursuant to CSAC's policy to conduct an audit one year after an employer enters into an agreement with SWRCC. (CSF, ¶22.) Consistent with this, Plaintiff has not pointed to a specific event, such as the underpayments in *Nu Image Inc.* or the cessation of reporting and late and smaller payments in *Trs. of the Plumbers*, that might have put Defendants on notice that Plaintiff was not fulfilling its obligations to make payments for work covered by the agreements that Plaintiff had entered into. Hence, genuine issues of material fact exist regarding when the statute of limitations began to run.

### D. PURSUANT TO FRCP 56(D), THE COURT SHOULD EITHER DEFER CONSIDERING THE MOTION OR DENY IT

Plaintiff has filed its Motion prior to the conference required by Rule 26(f). No discovery has been exchanged between the parties. Defendants served Plaintiff with discovery requests on March 6, 2017. Shanley Decl'n, ¶4, 5; Ex. 3.

"Federal Rule of Civil Procedure 56[(d)] provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d 767, 774 (9th Cir. 2003), quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002). "Although Rule 56[(d)] facially gives judges the discretion to disallow discovery when the non-moving party cannot yet submit evidence supporting its opposition, the Supreme Court has restated the rule as requiring, rather than merely permitting,

discovery 'where the nonmoving party has not had the opportunity to discover information that is essential to its opposition.'" *Metabolife Int'l v. Wornick*, 264 F.3d 832, 846 (9th Cir. 2001), quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

"[W]here ... no discovery whatsoever has taken place, the party making a Rule 56[(d)] motion cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." *Burlington N. Santa Fe R.R. v. Assiniboine & Sioux Tribes of the Fort Peck Reservation*, 323 F.3d at 774.

In its Motion, Plaintiff presents the Declaration of James Douglas Wilson. Inter alia, this Declaration provides the court with alleged details of discussions between Plaintiff's employee, Tom Allen, and his supervisors. *Id.*, ¶¶ 6-8, 13. Defendants attach hereto discovery requests that request detailed information about Tom Allen, his supervisors and their discussions. Shanley Decl'n, Ex. 3. Paragraph 9 of the Declaration addresses Plaintiff's claimed inability to access labor agreements. Defendants' discovery requests seek Plaintiff's agreements with labor organizations, collective bargaining agreements, documents evidencing communications about the Memoranda, documents evidencing Plaintiff's "discovery" of the Memoranda and communications concerning the allegations set forth in the Complaint. Plaintiff's SSF 1 through 3, Wilson Declaration ¶¶ 3-5 address Plaintiff's use of SWRCC workers to complete temporary work at a power plant and it's payment for the services of these workers. Defendants' discovery requests seek Plaintiff's communications concerning the allegations set forth in the Complaint, which would include its communications regarding these matters.

The Wilson Declaration shows that Tom Allen is a critical witness. Mr. Allen will need to be deposed. Defendants have researched his contact information, including checking Lexis, multiple state contractors' license boards and Secretary of

State databases and Defendants' database, but could not obtain the contact information. Shanley Decl'n, ¶6. Plaintiff would have the last address for Mr. Allen, which would provide the Defendants with the ability to find and depose him. This is another item that Defendants have requested in the outstanding discovery requests.

The Plaintiff has presented the Court with a wide range of matters that are solely within its only its possession and scope of knowledge. As the Ninth Circuit held in *Burlington N. Santa Fe R.R.*, where no discovery has taken place, the party opposing summary judgment "cannot be expected to frame its motion with great specificity as to the kind of discovery likely to turn up useful information, as the ground for such specificity has not yet been laid." *Burlington N. Santa Fe R.R.*, 323 F.3d at 774. Hence, Defendants have made discovery requests, but are currently in the position of lacking full knowledge as to what specific requests will provide useful information. Nonetheless, pursuant to *Burlington N. Santa Fe R.R.*, the court ought to defer considering the Motion or deny it in order to permit Defendants to obtain and analyze the needed information through discovery.

### E. THE MOTION IS PREMATURE

Defendants have moved to dismiss or, in the alternative, to stay this action. (Document Number: 19). This motion is pending before the Court; hence, the Defendants have not filed an answer.

Despite the fact that the pleadings have not yet closed, Plaintiff has moved for summary judgment based upon the statute of limitations. If Defendants had an opportunity to answer the Plaintiff's complaint, Defendants could have filed affirmative defenses relevant to the statute of limitations, such as equitable tolling. Failure to plead a tolling defense waives such a defense and prevents the proponent of the defense from first raising it when defending against a dispositive motion. *Grimmett v. Brown*, 75 F.3d 506, 514 (9th Cir. 1996). See also, *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 662-63 (9th Cir. 1999)(Summary judgment

affirmed where plaintiff failed to allege fraudulent activity that would have tolled the statute of limitations.) In the present case, the Defendants have not had an opportunity to answer the complaint, and therefore are precluded from raising all defenses relevant to the statute of limitations. Hence, the Court should deny the Motion in order that the Defendants have an opportunity to answer the Complaint and allege all relevant defenses.

### III. <u>CONCLUSION</u>

The Plaintiff's Motion should be denied. As set forth above, the Ninth Circuit (and numerous other Circuits) have held that the applicable limitations period is the forum state's limitations period for breach of contract claims. In this case, this is the six-year limitations period set forth in A.R.S. § 12-548(A)(1) that must be applied. By filing their lawsuit on October 28, 2016, Defendants filed their action well within the permitted six year period.

Even if a shorter statute of limitations was applicable, the Court still should deny Plaintiff's Motion, because genuine issues of material fact exist regarding when the statute of limitations began to run. As set forth above, numerous courts have decided that the issue of when a trust fund could have become aware of an employer's deficient payments presents a genuine issue of material fact. In this case, this matter is likewise one that must be determined at trial.

Plaintiff has filed its Motion prior to the conference required by Rule 26(f); hence, no discovery has been exchanged between the parties. Accordingly, pursuant to Rule 56(d), the court should defer considering the motion or deny it so that the Defendants can conduct discovery. Likewise, the Motion has been filed

///
///
///
///
///

before the close of pleadings.   The Court should deny the Motion to give the Defendants an opportunity to answer the Complaint and allege all relevant defenses.

DATED: April 13, 2017          DeCARLO & SHANLEY
                               A Professional Corporation

                               _____
                               Thomas Davis
                               Attorneys for Defendants CARPENTERS
                               SOUTHWEST ADMINISTRATIVE
                               CORPORATION and BOARD OF TRUSTEES
                               FOR THE CARPENTERS SOUTHWEST TRUSTS

# CERTIFICATE OF SERVICE

**(H K B, Inc., etc., v. Board of Trustees, etc.)**
**(USDC-Arizona Case No. 2:16-cv-03799DJH)**

X    I hereby certify that on April 13, 2017, I electronically transmitted the attached document, **DEFENDANTS' OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT RE: STATUTE OF LIMITATION**, to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

    James Edward Holland, Jr. - jholland@stinson.com, cbarajas@stinson.com
    Javier Torres - javier.torres@stinson.com, cynthia.fischer@stinson.com

**Executed on April 13, 2017, at Los Angeles, California.**

X    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Lucy J. Moure-Pasco, Secretary
DeCARLO & SHANLEY,
a Professional Corporation
533 S. Fremont Avenue, Ninth Floor
Los Angeles, California 900710
Telephone (213) 488-4100
Telecopier (213) 488-4180