DANIEL SHANLEY (021322)
Email Address: dshanley@deconsel.com
THOMAS DAVIS, admitted pro hac vice
Email Address: tdavis@deconsel.com
DeCARLO & SHANLEY,
a Professional Corporation
533 S. Fremont Avenue, Ninth Floor
Los Angeles, California 90071-1706
Telephone (213) 488-4100
Telecopier (213) 488-4180

ATTORNEYS FOR DEFENDANTS, CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| HKB, INC., an Arizona corporation, doing business as SOUTHWEST INDUSTRIAL RIGGING,<br><br>Plaintiff,<br><br>v.<br><br>BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS, erroneously sued as BOARD OF TRUSTEES FOR THE SOUTHWEST CARPENTER'S SOUTHWEST TRUST; et al<br><br>Defendants. | 2:16-cv-03799-DJH<br><br>DEFENDANTS' CONTROVERTING STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT<br>RE: STATUTE OF LIMITATION |
| CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION, a California non-profit corporation; et al<br><br>Plaintiffs,<br><br>v.<br><br>H K B Inc., et al<br><br>Defendants. | |

///

///

///

1. **Plaintiff's Asserted Fact:**

"Southwest is a construction-related company that, among other things, performs maintenance and repair work at the Palo Verde Nuclear Generating Station just west of Phoenix (the "Power Plant") twice a year for 4-6 weeks at a time."

<u>Whether the Statement of Fact Is Disputed/Reference to Portion of the Record Supporting the Defendants' Position:</u>

Defendants currently lack sufficient facts to dispute this assertion and have asked the court to deny or defer consideration of the Motion pursuant to FRCP 56(d) in order to permit Defendants the opportunity to conduct discovery.

2. **Plaintiff's Asserted Fact:**

"Southwest had previously used carpenters provided by the Southwest Regional Council of Carpenters (the "Union") to supplement its workforce for the maintenance and repair work at the Power Plant, but Southwest had never been required to sign a long-term contract."

<u>Whether the Statement of Fact Is Disputed/Reference to Portion of the Record Supporting the Defendants' Position:</u>

Disputed. Pursuant to the relevant collective bargaining agreements, an employee is an individual who performs work covered by any of the collective bargaining agreements; hence, Plaintiff's distinction between union and non-union labor is disputed. Watanabe Decl'n, Ex.s 1 to 3.

3. **Plaintiff's Asserted Fact:**

"Southwest simply employed the individual Union carpenters on a piecemeal basis, paying the carpenters (and the Funds) for the work actually performed, but having no obligation beyond the temporary work provided at the Power Plant."

Whether the Statement of Fact Is Disputed/Reference to Portion of the Record Supporting the Defendants' Position:

Disputed. Pursuant to the relevant collective bargaining agreements, an employee is an individual who performs work covered by any of the collective bargaining agreements; hence, Plaintiff's distinction between union and non-union labor is disputed. Watanabe Decl'n, Ex.s 1 to 3.

**4. Plaintiff's Asserted Fact:**

"A few years after Southwest first began hiring and paying for services provided by the Union's carpenters, the Funds performed an 'audit' regarding Southwest's payments to the Funds."

Whether the Statement of Fact Is Disputed/Reference to Portion of the Record Supporting the Defendants' Position:

Disputed. Defendants initiated an audit approximately one year after Plaintiff executed the Memorandum. Watanabe Decl'n, ¶5.

**5. Plaintiff's Asserted Fact:**

"As a result of the audit, the Funds demanded that Southwest make additional payments in excess of $490,000, for various health-care, training, vacation, and pension funds."

Whether the Statement of Fact Is Disputed/Reference to Portion of the Record Supporting the Defendants' Position:

Undisputed.

**6. Plaintiff's Asserted Fact:**

"The Funds' payment demand was not based upon any work performed by the Union's carpenters."

Whether the Statement of Fact Is Disputed/Reference to Portion of the

Record Supporting the Defendants' Position:

Disputed. Pursuant to the relevant collective bargaining agreements, an employee is an individual who performs work covered by any of the collective bargaining agreements; hence, Plaintiff's distinction between union and non-union labor is disputed. Watanabe Decl'n, Ex.s 1 to 3.

**7. Plaintiff's Asserted Fact:**

"The Funds demanded payment solely based upon services performed by Southwest's own employees."

Whether the Statement of Fact Is Disputed/Reference to Portion of the Record Supporting the Defendants' Position:

Disputed. Pursuant to the relevant collective bargaining agreements, an employee is an individual who performs work covered by any of the collective bargaining agreements; hence, Plaintiff's distinction between union and non-union labor is disputed. Watanabe Decl'n, Ex.s 1 to 3.

**8. Plaintiff's Asserted Fact:**

"Southwest's employees are not members of and have no affiliation with the Union."

Whether the Statement of Fact Is Disputed/Reference to Portion of the Record Supporting the Defendants' Position:

Disputed. Pursuant to the relevant collective bargaining agreements, an employee is an individual who performs work covered by any of the collective bargaining agreements; hence, Plaintiff's distinction between union and non-union labor is disputed. Watanabe Decl'n, Ex.s 1 to 3.

Defendants currently lack all facts concerning this assertion and have asked the court to deny or defer consideration of the Motion pursuant to FRCP 56(d) in order to permit Defendants the opportunity to conduct discovery.

**9. Plaintiff's Asserted Fact:**

"Southwest's employees are not Union members and do not receive Union benefits."

Whether the Statement of Fact Is Disputed/Reference to Portion of the Record Supporting the Defendants' Position:

Disputed. Pursuant to the relevant collective bargaining agreements, an employee is an individual who performs work covered by any of the collective bargaining agreements; hence, Plaintiff's distinction between union and non-union labor is disputed. Watanabe Decl'n, Ex.s 1 to 3.

Defendants currently lack all facts concerning this assertion and have asked the court to deny or defer consideration of the Motion pursuant to FRCP 56(d) in order to permit Defendants the opportunity to conduct discovery.

**10. Plaintiff's Asserted Fact:**

"Southwest paid the Funds for work performed by Union carpenters during the 4-6 weeks that the Southwest performed maintenance work on the Power Plant, but Southwest never paid the Funds at any other time in the year."

Whether the Statement of Fact Is Disputed/Reference to Portion of the Record Supporting the Defendants' Position:

Undisputed.

**11. Plaintiff's Asserted Fact:**

"Southwest never paid the Funds for work performed by Southwest's own employees."

Whether the Statement of Fact Is Disputed/Reference to Portion of the Record Supporting the Defendants' Position:

Disputed in so far as Plaintiff seeks to draw a distinction between union and non-union labor in that, pursuant to the relevant collective bargaining agreements,

an employee is an individual who performs work covered by any of the collective bargaining agreements. Watanabe Decl'n, Ex.s 1 to 3. Undisputed in that Plaintiff has failed to pay the Funds contributions for work performed by employees.

**12. Plaintiff's Asserted Fact:**

"On October 26, 2015, the Funds sent a representative to Southwest's corporate office to perform an onsite audit of Southwest's records."

Whether the Statement of Fact Is Disputed/Reference to Portion of the Record Supporting the Defendants' Position:

Undisputed.

**13. Plaintiff's Asserted Fact:**

"During the on-site audit, the Funds' representative inspected a copy of the Master Control which showed the names of Southwest employees."

Whether the Statement of Fact Is Disputed/Reference to Portion of the Record Supporting the Defendants' Position:

Undisputed.

**Additional Facts That Establish a Genuine Issue of Material Fact**

14. On or about August 22, 2013, Plaintiff entered into a Memorandum Agreement with the SWRCC in order to obtain the services of craftsmen who fulfilled the SWRCC's training programs. Pester Decl'n, Ex. 1.

15. One of CSAC's responsibilities is to conduct audits of employers. Watanabe Decl'n, ¶5.

16. The audit showed that, while Plaintiff agreed to be bound by the terms of the Master Agreements as to all construction work of the types set forth in

the Master Agreements, Plaintiff reneged upon this agreement by employing non-union employees to complete such work and failing to remit contributions to the Trust Funds for the this work. Watanabe Decl'n, ¶6, Ex.s 1 to 3.

17. Mr. Allen met with a SWRCC representative on multiple occasions at Plaintiff's offices, represented that he was Manager of Construction (or held a similar title) and that he had authority to bind Plaintiff to the Memorandum. Pester Decl'n, ¶¶3-5.

18. Either around the time of the execution of the Memorandum or within a few months thereafter, a SWRCC representative met with Ms. Ornelas, the Plaintiff's Human Resources Manager, who did not raise any concerns regarding the formation of this agreement, but merely requested some details regarding benefit payments. Beggs Decl'n, ¶3, 4.

19. Plaintiff filed monthly reports to the Defendants from September 2013 to the middle of 2016 and made payments pursuant to the terms of the Agreements for months where the Plaintiff used the services of SWRCC workers. Watanabe Decl'n, Ex. 4.

20. Plaintiff provided Defendants with its executed "Declaration on Company Status - C4A Program". Watanabe Decl'n, ¶8, Ex. 5.

21. It was only after Defendants' counsel sent a demand letter to Plaintiff's counsel that Plaintiff's counsel, for the first time, asserted that Tom Allen did not have authority to bind Southwest Industrial Rigging to the Memorandum. Shanley Decl'n, Ex.s 1, 2.

///

22. The audit that CSAC conducted of Plaintiff was initiated pursuant to CSAC's policy to conduct an audit one year after an employer enters into an agreement with SWRCC.  Watanabe Decl'n, ¶5.

DATED: April _13_, 2017

DeCARLO & SHANLEY
A Professional Corporation

_____
Thomas Davis
Attorneys for Defendants CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION and BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS

# CERTIFICATE OF SERVICE

**(H K B, Inc., etc., v. Board of Trustees, etc.)**
**(USDC-Arizona Case No. 2:16-cv-03799DJH)**

X       I hereby certify that on April 13, 2017, I electronically transmitted the attached document, **DEFENDANTS' CONTROVERTING STATEMENT OF FACTS IN OPPOSITION TO PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT RE: STATUTE OF LIMITATION**, to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

James Edward Holland, Jr. - jholland@stinson.com,cbarajas@stinson.com
Javier Torres - javier.torres@stinson.com,cynthia.fischer@stinson.com

**Executed on April 13, 2017, at Los Angeles, California.**

X       I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Lucy J. Moure-Pasco, Secretary
DeCARLO & SHANLEY,
a Professional Corporation
533 S. Fremont Avenue, Ninth Floor
Los Angeles, California 900710
Telephone (213) 488-4100
Telecopier (213) 488-4180