1  DANIEL SHANLEY (021322)
   Email Address: dshanley@deconsel.com
2  THOMAS DAVIS, admitted pro hac vice
   Email Address: tdavis@deconsel.com
3  DeCARLO & SHANLEY,
   a Professional Corporation
4  533 S. Fremont Avenue, Ninth Floor
   Los Angeles, California 90071-1706
5  Telephone (213) 488-4100
   Telecopier (213) 488-4180
6
7  ATTORNEYS FOR DEFENDANTS, CARPENTERS SOUTHWEST
   ADMINISTRATIVE CORPORATION and BOARD OF TRUSTEES
   FOR THE CARPENTERS SOUTHWEST TRUSTS
8

9                UNITED STATES DISTRICT COURT

10                    DISTRICT OF ARIZONA

11

12  HKB, INC., an Arizona corporation,           )  2:16-cv-03799-DJH
    doing business as SOUTHWEST                  )
13  INDUSTRIAL RIGGING,                          )
                                                 )  DEFENDANTS' OBJECTIONS TO
14                                               )  DECLARATIONS FILED WITH
                  Plaintiff,                     )  PLAINTIFF'S AMENDED MOTION
15                                               )  FOR SUMMARY JUDGMENT
    v.                                           )  RE: STATUTE OF LIMITATION
16                                               )
    BOARD OF TRUSTEES FOR THE                    )
17  CARPENTERS SOUTHWEST                         )
    TRUSTS, erroneously sued as BOARD            )
18  OF TRUSTEES FOR THE                          )
    SOUTHWEST CARPENTER'S                        )
19  SOUTHWEST TRUST; et al                       )
                                                 )
20                Defendants.                    )
                                                 )
21  CARPENTERS SOUTHWEST                         )
    ADMINISTRATIVE CORPORATION,                  )
22  a California non-profit corporation; et al   )
                                                 )
23                Plaintiffs,                    )
                                                 )
24  v.                                           )
                                                 )
25  H K B Inc., et al                            )
                                                 )
26                Defendants.                    )
                                                 )
27

28

Defendants, BOARD OF TRUSTEES FOR THE CARPENTERS SOUTHWEST TRUSTS, erroneously sued as BOARD OF TRUSTEES FOR THE SOUTHWEST CARPENTER'S SOUTHWEST TRUSTS ("Board") and CARPENTERS SOUTHWEST ADMINISTRATIVE CORPORATION ("CSAC") hereby submit the following objections to the Declaration of James Douglas Wilson (ECF 28-1), Declaration of Xonia J. Glazewski (ECF 28-7) and Plaintiff's Statement of Facts in Support of Motion for Summary Judgment (ECF 28).

## OBJECTIONS TO DECLARATION OF JAMES DOUGLAS WILSON IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### Objection #1

**Purported Evidence:**

Paragraph 4:

Southwest had previously used carpenters provided by the Construction Union to supplement its workforce for the maintenance and repair work at the Power Plant, but Southwest had never been required to sign a long-term union contract.

**Grounds for Objection:**

Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:**   Sustained _____
                     Overruled _____

### Objection #2

**Purported Evidence:**

Paragraph 5:

Southwest simply employed the individual Construction Union members on a piecemeal basis, paying the carpenters (and the Funds) for the work actually performed, but having no obligation beyond the temporary work provided at the Power Plant.

**Grounds for Objection:**

Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:**   Sustained _____
                     Overruled _____

2

## Objection #3

**Purported Evidence:**

Paragraph 6:

In mid-2013, Tom Allen, a salesman for Southwest, told his supervisors at Southwest that the Construction Union gave him a document titled "Southwest Regional Council of Carpenters - Carpenters Memorandum Agreement 2012-2016" (the "Memorandum"), which the Construction Union wanted Allen to sign on Southwest's behalf.

**Grounds for Objection:**

Relevance (FRE 401, 402); Lack of Foundation (FRE 602); Hearsay (FRE 802).

**Court's Ruling:**      Sustained      _____
                         Overruled      _____

## Objection #4

**Purported Evidence:**

Paragraph 7:

Because Tom Allen had no experience with such documents, had no authority to sign such documents, and had never seen such documents, Allen asked his supervisors for direction.

**Grounds for Objection:**

Relevance (FRE 401, 402); Lack of Foundation (FRE 602); Hearsay (FRE 802).

**Court's Ruling:**      Sustained      _____
                         Overruled      _____

## Objection #5

**Purported Evidence:**

Paragraph 8:

Allen's supervisors told him he did not have authority to enter such contracts, and indeed Southwest would not agree to the Memorandum.

**Grounds for Objection:**

Relevance (FRE 401, 402); Lack of Foundation (FRE 602); Hearsay (FRE

1 || 802).

2 | **Court's Ruling:**     Sustained     _____

3 |                            Overruled     _____

### Objection #6

**Purported Evidence:**

    Paragraph 13:

    Subsequent to Allen's signing of the Memorandum, and still unaware that Allen had signed the Memorandum, Southwest reiterated to Allen that he did not have authority to bind Plaintiff by signing such contracts on Plaintiffs behalf.

**Grounds for Objection:**

    Relevance (FRE 401, 402); Lack of Foundation (FRE 602); Hearsay (FRE 802).

**Court's Ruling:**     Sustained     _____
                           Overruled     _____

### Objection #7

**Purported Evidence:**

    Paragraph 14:

    Consistent with past practices, Southwest paid for all services rendered by the union carpenters, including paying the plaintiff Funds.

**Grounds for Objection:**

    Relevance (FRE 401, 402).

**Court's Ruling:**     Sustained     _____
                           Overruled     _____

### Objection #8

**Purported Evidence:**

    Paragraph 15:

    On information and belief, Southwest's employees are not Construction Union members and do not receive Construction Union benefits.

**Grounds for Objection:**

    Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:** Sustained _____
Overruled _____

**Objection #9**

**Purported Evidence:**

Paragraph 16:

The Funds' demand by itself actually exceeds the value of all services ever provided by the union carpenters for that time period.

**Grounds for Objection:**

Relevance (FRE 401, 402); Probative Value Outweighed by Unfair Prejudice, Confusion, Waste of Time (FRE 403).

**Court's Ruling:** Sustained _____
Overruled _____

**Objection #10**

**Purported Evidence:**

Paragraph 17:

During the time that Southwest used carpenters provided by the Construction Union, neither the Construction Union nor the Funds ever brought to Southwest's attention any expectation that Southwest was liable for any of the payments that Funds ultimately demanded as a result of the "audits."

**Grounds for Objection:**

Relevance (FRE 401, 402); Probative Value Outweighed by Unfair Prejudice, Confusion, Waste of Time (FRE 403).

**Court's Ruling:** Sustained _____
Overruled _____

**Objection #11**

**Purported Evidence:**

Paragraph 18:

After the Funds made their demand for additional money, Southwest immediately stopped hiring the union carpenters.

**Grounds for Objection:**

Relevance (FRE 401, 402).

5

**Court's Ruling:**     Sustained
                        Overruled

### Objection #12

**Purported Evidence:**

Paragraph 19:

On information and belief: Southwest never knew that the union purported to offer a "benefit plan" for company managers, Southwest never knew that the managers would be deemed to be eligible for such benefits; and Southwest did not want the purported benefit plan.

**Grounds for Objection:**

Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:**     Sustained
                        Overruled

### Objection #13

**Purported Evidence:**

Paragraph 20:

I never received the benefits of any Construction Union benefit plan, I never knew I was deemed eligible to receive such benefits, and I never knew such benefits existed.

**Grounds for Objection:**

Relevance (FRE 401, 402).

**Court's Ruling:**     Sustained
                        Overruled

### Objection #14

**Purported Evidence:**

Paragraph 21:

On information and belief, Southwest's managers: never received the benefits of any Construction Union benefit plan; never knew they were deemed eligible to receive such benefits, and never knew such benefits existed.

**Grounds for Objection:**

Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:**	Sustained
	Overruled

### Objection #15

**Purported Evidence:**

Paragraph 22:

Southwest's principal place of business is in Phoenix, and Southwest has no offices, facilities, or personnel in California.

**Grounds for Objection:**

Relevance (FRE 401, 402).

**Court's Ruling:**	Sustained
	Overruled

### Objection #16

**Purported Evidence:**

Paragraph 23:

Southwest works in the construction industry and has a construction license, but it is only licensed in Arizona, not California.

**Grounds for Objection:**

Relevance (FRE 401, 402).

**Court's Ruling:**	Sustained
	Overruled

### Objection #17

**Purported Evidence:**

Paragraph 24:

Southwest does not own or lease any property in California.

**Grounds for Objection:**

Relevance (FRE 401, 402).

**Court's Ruling:**	Sustained
	Overruled

///

**Objection #18**

**Purported Evidence:**

Paragraph 25:

Southwest has no staff in California.

**Grounds for Objection:**

Relevance (FRE 401, 402).

**Court's Ruling:**     Sustained    _____
                        Overruled    _____

**Objection #19**

**Purported Evidence:**

Paragraph 26:

Southwest does not have a California bank account, mailing address, post office box, statutory agent, or telephone number, nor does it advertise or otherwise solicit work in California. Southwest has never been party to a lawsuit in California.

**Grounds for Objection:**

Relevance (FRE 401, 402).

**Court's Ruling:**     Sustained    _____
                        Overruled    _____

**Objection #20**

**Purported Evidence:**

Paragraph 27:

Southwest works almost exclusively in Arizona.

**Grounds for Objection:**

Relevance (FRE 401, 402).

**Court's Ruling:**     Sustained    _____
                        Overruled    _____

**Objection #21**

**Purported Evidence:**

Paragraph 28:

       Southwest has four office locations, all of which are in Arizona: two in Phoenix, one in Flagstaff; and one in Tucson.

**Grounds for Objection:**

       Relevance (FRE 401, 402).

**Court's Ruling:**    Sustained    _____
                              Overruled    _____

### Objection #22

**Purported Evidence:**

       Paragraph 29:

            I work and reside in Arizona.

**Grounds for Objection:**

       Relevance (FRE 401, 402).

**Court's Ruling:**    Sustained    _____
                              Overruled    _____

### Objection #23

**Purported Evidence:**

       Paragraph 30:

       Upon information and belief, Messrs. Harry Kent Baker ("Baker") and Scott William Miller ("Miller") work and reside in Arizona.

**Grounds for Objection:**

       Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:**    Sustained    _____
                              Overruled    _____

### Objection #24

**Purported Evidence:**

       Paragraph 31:

            I do not own any property in California.

**Grounds for Objection:**

       Relevance (FRE 401, 402).

1 | **Court's Ruling:**     Sustained     _____
                            Overruled     _____
2

3 | **Objection #25**

4 | **Purported Evidence:**

5 |     Paragraph 32:

6 |         Upon information and belief, Messrs. Baker and Miller do not own any property in California.

7 | **Grounds for Objection:**

8 |     Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

9 | **Court's Ruling:**     Sustained     _____
                            Overruled     _____
10

11 | **Objection #26**

12 | **Purported Evidence:**

13 |     Paragraph 33:

14 |         I do not have a California phone number, address or other contact information.

15 | **Grounds for Objection:**

16 |     Relevance (FRE 401, 402).

17 | **Court's Ruling:**     Sustained     _____
                             Overruled     _____
18

19 | **Objection #27**

20 | **Purported Evidence:**

21 |     Paragraph 34:

22 |         Upon information and belief; Messrs. Baker and Miller do not have a California phone number, address or other contact information.
23

24 | **Grounds for Objection:**

25 |     Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

26 | **Court's Ruling:**     Sustained     _____
                             Overruled     _____

27 | ///

28 | ///

**Objection #28**

**Purported Evidence:**

Paragraph 35:

I have no contact with or affiliation with any lawyers, litigants, or witnesses in California.

**Grounds for Objection:**

Relevance (FRE 401, 402).

**Court's Ruling:**     Sustained     _____
                        Overruled     _____

**Objection #29**

**Purported Evidence:**

Paragraph 36:

Upon information and belief, Messrs. Baker and Miller have no contact with or affiliation with any lawyers, litigants, or witnesses in California.

**Grounds for Objection:**

Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:**     Sustained     _____
                        Overruled     _____

**Objection #30**

**Purported Evidence:**

Paragraph 37:

I have never been party to a lawsuit in California.

**Grounds for Objection:**

Relevance (FRE 401, 402).

**Court's Ruling:**     Sustained     _____
                        Overruled     _____

**Objection #31**

**Purported Evidence:**

Paragraph 38:

  Upon information and belief, Messrs. Baker and Miller have never been party to a lawsuit in California.

**Grounds for Objection:**

 Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:**   Sustained    _____
         Overruled    _____

## Objection #32

**Purported Evidence:**

 Paragraph 39:

  On information and belief, Tom Allen resides in the Phoenix area.

**Grounds for Objection:**

 Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:**   Sustained    _____
         Overruled    _____

## Objection #33

**Purported Evidence:**

 Paragraph 40:

  On information and belief, all of Southwest's anticipated party witnesses reside in the Phoenix area: Harry Baker, Owner and President, Mike Madge, V.P. of Operations; James Wilson, CFO; Scott William Miller, Officer; Michael Allen, Aaron Blaha, Thomas Brennan, Ryan Bryant, Daniel Estrada, Gary Goss, Harry Leiden, Robert Jacobi, Tracey Lay, Sam Melendez, Scott Nelson, Gregory Rasko, Robert Shearer, Bradley Bryan, Peter Francis, Curtis Howe, Lemanuel Jim, Paul Sewell, Southwest employees identified by Plaintiffs audit.

**Grounds for Objection:**

 Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:**   Sustained    _____
         Overruled    _____

## Objection #34

**Purported Evidence:**

 Paragraph 41:

   On information and belief, eight of the twenty-four union members provided to Southwest by the Construction Union reside in Arizona.

**Grounds for Objection:**

 Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:**  Sustained _____
         Overruled _____

## Objection #35

**Purported Evidence:**

 Paragraph 42:

   On information and belief, at the time he signed the Memorandum, Tom Allen was a Southwest employee living in Arizona who did not travel to California to negotiate or sign the Memorandum.

**Grounds for Objection:**

 Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:**  Sustained _____
         Overruled _____

## Objection #36

**Purported Evidence:**

 Paragraph 43:

   Southwest has never engaged the Construction Union to perform any work in California.

**Grounds for Objection:**

 Relevance (FRE 401, 402).

**Court's Ruling:**  Sustained _____
         Overruled _____

## Objection #37

**Purported Evidence:**

 Paragraph 44:

   To the extent possible, Southwest avoids doing business in California due to increased employment and environmental regulations.

**Grounds for Objection:**

Relevance (FRE 401, 402).

**Court's Ruling:**     Sustained _____
                        Overruled _____

### Objection #38

**Purported Evidence:**

Paragraph 45:

Only a small fraction of Southwest's heavy equipment could satisfy California's more stringent environmental regulations.

**Grounds for Objection:**

Relevance (FRE 401, 402).

**Court's Ruling:**     Sustained _____
                        Overruled _____

### Objection #39

**Purported Evidence:**

Paragraph 46:

Southwest never sought out California workers from the Construction Union -the union merely provided workers to Southwest based on availability.

**Grounds for Objection:**

Relevance (FRE 401, 402).

**Court's Ruling:**     Sustained _____
                        Overruled _____

### Objection #40

**Purported Evidence:**

Entire declaration.

**Grounds for Objection:**

In paragraph 1 of the declaration, declarant states: "I submit this declaration for the sole purpose of supporting Southwest's motion to dismiss this lawsuit based upon *forum non conveniens*." Plaintiff's use of the declaration in support of the Motion for Summary Judgment is beyond the scope for which the declaration was submitted.

**Court's Ruling:**     Sustained  _____
                        Overruled  _____

## OBJECTIONS TO DECLARATION OF XONIA J. GLAZEWSKI IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### Objection #41

**Purported Evidence:**

Paragraph 4:

The Funds' payment demand was not based upon any work performed by the Union's carpenters.

**Grounds for Objection:**

Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:**     Sustained  _____
                        Overruled  _____

### Objection #42

**Purported Evidence:**

Paragraph 5:

The Funds demanded payment solely based upon services performed by Southwest's own employees.

**Grounds for Objection:**

Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:**     Sustained  _____
                        Overruled  _____

### Objection #43

**Purported Evidence:**

Paragraph 6:

On information and belief, Southwest's employees are not members of and have no affiliation with the Union.

**Grounds for Objection:**

Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:**     Sustained  _____
                        Overruled  _____

## OBJECTIONS TO PLAINTIFF'S STATEMENT OF FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

### Objection #44

**Purported Evidence:**

Paragraph 2:

Southwest had previously used carpenters provided by the Southwest Regional Council of Carpenters (the "Union") to supplement its workforce for the maintenance and repair work at the Power Plant, but Southwest had never been required to sign a long-term contract. Wilson Decl. ¶ 4.

**Grounds for Objection:**

Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:**     Sustained     _____
                        Overruled     _____

### Objection #45

**Purported Evidence:**

Paragraph 3:

Southwest simply employed the individual Union carpenters on a piecemeal basis, paying the carpenters (and the Funds) for the work actually performed, but having no obligation beyond the temporary work provided at the Power Plant. Wilson Decl. ¶ 5.

**Grounds for Objection:**

Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:**     Sustained     _____
                        Overruled     _____

### Objection #46

**Purported Evidence:**

Paragraph 4:

In mid-2013, Tom Allen, a salesman for Southwest, told his supervisors at Southwest that the Union gave him a document titled "Southwest Regional Council of Carpenters – Carpenters Memorandum 2012-2016" (the "Memorandum"), which the Union wanted Allen to sign on Southwest's behalf. Wilson Decl. ¶ 6.

**Grounds for Objection:**

Relevance (FRE 401, 402); Lack of Foundation (FRE 602); Hearsay (FRE 802).

**Court's Ruling:**      Sustained _____
                            Overruled _____

### Objection #47

**Purported Evidence:**

Paragraph 5:

Allen was only a salesman for Southwest, so he asked his supervisors for direction. Wilson Decl. ¶ 7.

**Grounds for Objection:**

Relevance (FRE 401, 402); Lack of Foundation (FRE 602); Hearsay (FRE 802).

**Court's Ruling:**      Sustained _____
                            Overruled _____

### Objection #48

**Purported Evidence:**

Paragraph 6:

His supervisors told him he did not have authority to enter such contracts, and indeed Southwest would not agree to the Memorandum. Wilson Decl. ¶8.

**Grounds for Objection:**

Relevance (FRE 401, 402); Lack of Foundation (FRE 602); Hearsay (FRE 802).

**Court's Ruling:**      Sustained _____
                            Overruled _____

### Objection #49

**Purported Evidence:**

Paragraph 8:

Thereafter, Southwest used Union carpenters to perform temp work at the Power Plant, just as it had been doing for years. Wilson Decl. ¶ 14.

**Grounds for Objection:**

Relevance (FRE 401, 402).

**Court's Ruling:**         Sustained  _____
                            Overruled  _____

### Objection #50

**Purported Evidence:**

Paragraph 9:

Consistent with past practices, Southwest paid for all services rendered by the Union carpenters. Wilson Decl. ¶ 14.

**Grounds for Objection:**

Relevance (FRE 401, 402).

**Court's Ruling:**         Sustained  _____
                            Overruled  _____

### Objection #51

**Purported Evidence:**

Paragraph 12:

The Funds' payment demand was not based upon any work performed by the Union's carpenters. Ornelas Decl. ¶ 4.

**Grounds for Objection:**

Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:**         Sustained  _____
                            Overruled  _____

### Objection #52

**Purported Evidence:**

Paragraph 13:

The Funds demanded payment solely based upon services performed by Southwest's own employees. Ornelas Decl. ¶ 5.

**Grounds for Objection:**

Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:**         Sustained  _____
                            Overruled  _____

## Objection #53

**Purported Evidence:**

Paragraph 14:

Southwest's employees are not members of and have no affiliation with the Union. Ornelas Decl. ¶ 6.

**Grounds for Objection:**

Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:**    Sustained    _____
                       Overruled    _____

## Objection #54

**Purported Evidence:**

Paragraph 15:

Southwest's employees are not Union members and do not receive Union benefits. Wilson Decl. ¶ 15.

**Grounds for Objection:**

Relevance (FRE 401, 402); Lack of Foundation (FRE 602).

**Court's Ruling:**    Sustained    _____
                       Overruled    _____


DATED: April _13_, 2017        DeCARLO & SHANLEY
                               A Professional Corporation

                               /s/ Thomas Davis
                               _____
                               Thomas Davis
                               Attorneys for Defendants CARPENTERS
                               SOUTHWEST ADMINISTRATIVE
                               CORPORATION and BOARD OF TRUSTEES
                               FOR THE CARPENTERS SOUTHWEST TRUSTS

# CERTIFICATE OF SERVICE

**(H K B, Inc., etc., v. Board of Trustees, etc.)**
**(USDC-Arizona Case No. 2:16-cv-03799DJH)**

X    I hereby certify that on April 13, 2017, I electronically transmitted the attached document, **DEFENDANTS' OBJECTIONS TO DECLARATIONS FILED WITH PLAINTIFF'S AMENDED MOTION FOR SUMMARY JUDGMENT RE: STATUTE OF LIMITATION**, to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

James Edward Holland, Jr. - jholland@stinson.com, cbarajas@stinson.com
Javier Torres - javier.torres@stinson.com, cynthia.fischer@stinson.com

**Executed on April 13, 2017, at Los Angeles, California.**

X    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Lucy J. Moure-Pasco, Secretary
DeCARLO & SHANLEY,
a Professional Corporation
533 S. Fremont Avenue, Ninth Floor
Los Angeles, California 900710
Telephone (213) 488-4100
Telecopier (213) 488-4180