James E. Holland, Jr. (021826)
Javier Torres (032397)
**STINSON LEONARD STREET LLP**
1850 North Central Avenue, Suite 2100
Phoenix, Arizona 85004-4584
Tel: (602) 279-1600
Fax: (602) 240-6925
Email:  james.holland@stinson.com
          javier.torres@stinson.com

Attorneys for HKB, Inc. dba Southwest Industrial Rigging

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| HKB, Inc., an Arizona Corporation, dba Southwest Industrial Rigging,<br><br>Plaintiff,<br><br>v.<br><br>Board of Trustees for the Southwest Carpenter's Southwest Trust; et al.,<br><br>Defendants. | No. 2:16-cv-03799-DJH<br>No. 2:17-cv-00198-DJH<br><br>**ANSWER TO BOARD OF TRUSTEES FOR THE SOUTHWEST CARPENTER'S SOUTHWEST TRUST'S COMPLAINT** |
| Board of Trustees for the Southwest Carpenter's Southwest Trust; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>HKB, Inc., an Arizona Corporation, dba Southwest Industrial Rigging, et al.,<br><br>Defendants. | |

HKB, Inc., dba Southwest Industrial Rigging ("Southwest") hereby answers the Complaint filed by Carpenters Southwest Administrative Corporation and Board of Trustees for the Southwest Carpenter's Southwest Trust (collectively, the "Funds") as follows:

## JURISDICTION

1.     Southwest admits that the District of Court of Arizona has jurisdiction over the present action.  Southwest denies that the Trust is entitled to recover fringe

benefit contributions or any other sum from Southwest.

**FIRST CLAIM FOR RELIEF – FRINGE BENEFIT CONTRIBUTIONS**

2.      Upon information and belief, Southwest admits that the Trust is a non-profit corporation organized in California.

3.      Southwest lacks sufficient information or belief to admit or deny the allegations of Paragraph 3.

4.      Southwest denies that it owes any amounts to the Trust or that there are any "delinquencies" attributable to Southwest.  Southwest lacks sufficient information or belief to admit or deny the remaining allegations of Paragraph 4.

5.      Southwest lacks sufficient information or belief to admit or deny the allegations of Paragraph 5.

6.      Southwest lacks sufficient information or belief to admit or deny the allegations of Paragraph 6.

7.      Southwest lacks sufficient information or belief to admit or deny the allegations of Paragraph 7.

8.      Southwest lacks sufficient information or belief to admit or deny the allegations of Paragraph 8.

9.      Southwest lacks sufficient information or belief to admit or deny the allegations of Paragraph 9.

10.      Southwest lacks sufficient information or belief to admit or deny the allegations of Paragraph 10.

11.      Southwest lacks sufficient information or belief to admit or deny the allegations of Paragraph 11.

12.      Southwest denies that there are any "collective bargaining agreements involved" to the extent such allegation implies that Southwest is bound by the "Memorandum Agreement" referred to in the Complaint.  Southwest lacks sufficient information or belief to admit or deny the remaining allegations of Paragraph 12.

CORE/3008422.0002/141358001.1

13.     Southwest denies that any of the "Unions" referenced in the Complaint have jurisdiction over Southwest.  Southwest is a construction-related company that, among other things, performs maintenance and repair work at the Palo Verde Nuclear Generating Station just west of Phoenix (the "Power Plant") twice a year for 4-6 weeks at a time.  Southwest denies the remaining allegations of Paragraph 13.

14.     Admitted.

15.     Denied.

16.     Southwest denies that it is bound by the "Memorandum Agreement," "Agreement," or "Master Labor Agreement" referred to in the Complaint, and denies that it is bound by any agreement referred to in Paragraph 16 or any other agreement referred to in the Complaint.  Southwest further states that the allegations of Paragraph 16 contain legal conclusions to which no response is required.  Southwest lacks information or belief as to whether "the PLANS are third party beneficiaries of the MEMORANDUM AGREEMENT and Master Labor Agreements."  Southwest denies the remaining allegations of Paragraph 16.

17.     Southwest denies that it is bound by the "Agreements," referred to in Paragraph 17 or any other agreement referred to in the Complaint.  Southwest further states that the allegations of Paragraph 17 contain legal conclusions to which no response is required.  Southwest denies the remaining allegations of Paragraph 17.

18.     Southwest denies that it is bound by the "Agreements," referred to in Paragraph 18 or any other agreement referred to in the Complaint.  Southwest further states that the allegations of Paragraph 18 contain legal conclusions to which no response is required.  Southwest denies the remaining allegations of Paragraph 18.

19.     Southwest denies that it is bound by the "Agreements," referred to in Paragraph 19 or any other agreement referred to in the Complaint.  Southwest further denies that Southwest owes damages or payment to the "Plans" or to the Funds.  Southwest further states that the allegations of Paragraph 19 contain legal conclusions to

CORE/3008422.0002/141358001.1

which no response is required.  Southwest denies the remaining allegations of Paragraph 19.

20.     Denied.

21.     Southwest denies that it is bound by the "Agreements," referred to in Paragraph 21 or any other agreement referred to in the Complaint.  Southwest further denies that it owed "fringe benefit contributions in the manner described in the [Agreements]," and therefore denies that it has failed to pay any amounts to the "Plans" or to the Funds.  Southwest further states that the allegations of Paragraph 21 contain legal conclusions to which no response is required.  Southwest denies the remaining allegations of Paragraph 21.

22.     Southwest denies that it is bound by the "Agreements," referred to in Paragraph 22 or any other agreement referred to in the Complaint.  Southwest further states that the allegations of Paragraph 22 contain legal conclusions to which no response is required.  Southwest denies the remaining allegations of Paragraph 22.

23.     Southwest denies that it is bound by the "Agreements," referred to in Paragraph 23 or any other agreement referred to in the Complaint.  Southwest further denies that it owed "fringe benefit contributions in the manner described in the [Agreements]," and therefore denies that it has failed to pay any amounts to the "Plans" or to the Funds, and further denies that it is liable for interest or any other amount under the Agreements.  Southwest further states that the allegations of Paragraph 23 contain legal conclusions to which no response is required.  Southwest denies the remaining allegations of Paragraph 23.

24.     Southwest denies that it is bound by the "Agreements," referred to in the Complaint.  Southwest further denies that it owed "contributions" to the "Plans" or to the Funds and therefore denies that it "failed to report and pay . . . contributions." Southwest lacks information or belief as to the remaining allegations of Paragraph 24 and on that basis denies them.

4

25.     Southwest denies that it is bound by the "Agreements" referred to in Paragraph 25 or any other agreements referred to in the Complaint.  Southwest further denies that it owed "fringe benefit contributions in the manner described in the [Agreements]," and therefore denies that it has failed to pay any amounts to the "Plans" or to the Funds, or that it is liable for "interest" or "liquidated damages" under the "Agreements."  Southwest denies the remaining allegations of Paragraph 25.

26.     Denied.

27.     The allegation in Paragraph 27 as to what "all conditions precedent" refers to and therefore Southwest cannot respond to Paragraph 27.  Southwest lacks information or belief as to the allegations of Paragraph 27 and on that basis denies them.

28.     Southwest lacks information or belief as to the remaining allegations of Paragraph 28 and on that basis denies them.

29.     Defendants Baker, Miller, and Wilson previously obtained summary judgment on the Funds claims, so no answer is required for the allegations in Paragraphs 29-37. To the extent that any answer is required, the allegations are denied.

## AFFIRMATIVE DEFENSES

1.     The Funds' claims are barred in whole or in part by the applicable statutes of limitations, including, without limitation, A.R.S. § 12-541.

2.     The Funds' claims are barred in whole or in part by the doctrines of laches, unclean hands, waiver, accord and satisfaction, estoppel, failure of consideration, agency, unconscionability, unjust enrichment, and fraud in the inducement, failure to exhaust administrative remedies, and fraud.

3.     As the Union knew or should have known, Southwest did not (and would not) authorize the signing of any of the alleged documents.

4.     Southwest's representative lacked actual or apparent authority to enter any of the agreements alleged in this case.

5.     The Funds' Complaint, and each cause of action therein, fails to state

1  claims upon which relief can be granted or damages sought can be awarded.

2      6.    The Funds' Complaint is barred because any recovery from Southwest by

3  the Funds would result in the Funds' unjust enrichment.

4                      **REMEDIES REQUESTED**

5      7.    Judgment for Southwest and against the Funds;

6      8.    The Funds' Complaint be dismissed in its entirety with prejudice;

7      9.    The Funds take nothing by reason of their Complaint;

8      10.    Southwest be awarded its reasonable costs and attorneys' fees under

9  A.R.S. § 12-341.01, and any other applicable statutes.

10

11      RESPECTFULLY SUBMITTED 19th day of July, 2018.

12                              **STINSON LEONARD STREET LLP**

13

14      By:    /s/ James E. Holland, Jr.
                James E. Holland, Jr.
15              Javier Torres
                1850 North Central Avenue, Suite 2100
16              Phoenix, Arizona 85004-4584
                Attorneys for HKB, Inc. dba Southwest
17              Industrial Rigging

18

19                      **CERTIFICATE OF SERVICE**

20      I hereby certify that on July 19, 2018 I caused the foregoing document to be filed

21  electronically with the Clerk of Court through ECF; and that ECF will send an e-notice

22  of the electronic filing to:

23                      Daniel M Shanley
                        Thomas L. Davis
24                      DeCarlo & Shanley
                 533 South Freemont Avenue, Ninth Floor
25                 Los Angeles, California 90071-1706
                        dshanley@deconsel.com
26                       tdavis@deconsel.com

27
                            /s/ C. Roundtree
28
                                 6