AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Arizona

| | | |
|---|---|---|
| HKB, Inc., an Arizona corporation, et al., | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:16-cv-03799-DJH |
| Board of Trustees for the Carpenters Southwest Trusts, et al.,. | ) ) | |
| *Defendant* | ) | |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   TOM ALLEN AKA THOMAS ALLEN

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:
   SEE ATTACHED LIST OF DOCUMENTS

| Place: Camelback Corridor<br>4742 N. 24th Street, Suite 300<br>Phoenix, Arizona 85016 | Date and Time:<br><br>05/07/2019 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

   The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: April 11, 2019

| *CLERK OF COURT* | | |
|---|---|---|
| _____ | OR | _____ |
| *Signature of Clerk or Deputy Clerk* | | *Attorney's Signature*<br>Stephen Zeller |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Board of Trustees for the Southwest Trusts; and Carpenters Southwest Administrative Corporation                    , who issues or requests this subpoena, are:
Stephen Zeller, CA Bar #265664, DeCarlo & Shanley, a Prof.Corp.  Email: szeller@deconsel.com
533 S. Fremont Ave., 9th Floor, Los Angeles, CA 90071 Ph: 213-488-4100 & Fax:213-488-4180

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:16-cv-03799-DJH

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:16-cv-03799-DJH   Document 70-1   Filed 04/18/19   Page 3 of 8

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

1  RE: HKB, Inc. v. Board of Trustees for the Carpenters Southwest Trusts
2       USDC Case No. 2:16-cv-03799-DJH and 2:17-cv-00198-DJH

## DEFINITIONS

1. The term "PERSON" includes without limitation any natural person, firm, association, partnership, corporation, or any other form of legal entity.

2. The term "COMMUNICATION" or "COMMUNICATIONS" means any transmission of information from one person to another, including without limitation by personal meeting, telephone, letter, telegraph, electronic mail ("e-mail"), electronic bulletin boards, electronic "chat rooms," and other similar forms of electronic correspondences, teleconference, facsimile, or telex.

3. The term "DOCUMENT" or "DOCUMENTS" shall, consistent with Rule 34(a) of the Federal Rules of Civil Procedure, mean all physical or "hard copy" documents, including, but not limited to, writings, drawings, graphs, charts, photographs, letters, files, memoranda, calendars, and reports.

4. The term "ELECTRONICALLY STORED INFORMATION" shall mean native files (including all embedded files and metadata) of electronic data stored in any medium, including, but not limited to, electronic mail ("e-mail"), voicemail, word processing documents and spreadsheets, audio and video recordings, and any other electronically stored files regardless of the storage medium in which it resides, including, but not limited to, computer hard drives (for example, laptops, desktops, and servers), removable storage media (for example, tapes, disks, cards, and flash memory devices), PDAs, networked drives and optical storage devices such as CDs and DVDs. This definition includes information contained on backup tapes and all other recovery and archival systems. To the extent that YOU possess data in non-standard formats (including legacy data), YOU shall translate such information into a reasonably usable format and produce both the source non-translated data and the translated version.

5. The term "RELATING TO" or "RELATE TO" means constituting,

comprising, pertaining to, referring to, recording, evidencing, containing, setting forth, reflecting, showing, disclosing, describing, explaining, summarizing, supporting, contradicting, refuting, or concerning, whether directly or indirectly.

6. The term "LAWSUIT" means the above-captioned action.

7. The terms "YOU" and "YOUR" mean Deponent, including each of Deponent's current and former agents, employees, attorneys, consultants, investigators, accountants, and all other persons acting on Deponent's behalf.

## INSTRUCTIONS

A. Unless otherwise specified, the time period covered by each document request is from January 1, 2013 to February 1, 2017.

B. Each request contained herein extends to all documents in YOUR possession, custody, or control.

C. These requests specifically require the production of all responsive documents, including all responsive information that is stored electronically regardless of the data storage medium or system on which the electronic data resides. These requests thus should be understood to encompass, and the responses should include, ELECTRONICALLY STORED INFORMATION.

D. All ELECTRONICALLY STORED INFORMATION that does not exist in a standard file format shall be translated by YOU into a reasonably usable format. For example, legacy data that can only be read by using obsolete hardware systems and software shall be translated into contemporary formats.

E. To the extent that YOU contend that YOU need not provide discovery of certain responsive ELECTRONICALLY STORED INFORMATION on the ground that the information is not readily accessible, YOU shall identify with particularity: (i) the information that is not reasonably accessible; (ii) the reasons why the information is not reasonably accessible; and (iii) the precise burden and cost associated with production of the information.

F. If YOU claim for any reason that certain electronic data sources need

not be searched or that data from certain sources need not be produced, YOU shall make reasonable data samples available to PLAINTIFF'S counsel and provide access to the data sources for testing and analysis at a time and in a manner that is convenient for the parties.

G.   The identification obligations set forth below do not relieve YOU of any common law or statutory duty to preserve evidence in this LAWSUIT. YOU should preserve all relevant and potentially relevant information regardless of the source of that information.

H.   YOU shall take measures to ensure that any processes by which potentially relevant information could be automatically deleted or overwritten shall be suspended until such time as the parties have come to agreements regarding the treatment of such automatic computer processes.

I.   YOU must not remove or degrade the ability of ELECTRONICALLY STORED INFORMATION to be searched and must provide native text-searchable copies of documents in the event that certain documents exist in both searchable and non-searchable formats.

J.   If documents exist in both electronic and non-electronic form or if multiple copies of the same document exist in the same form, YOU shall produce all copies and may not selectively choose which format or version will be produced.

K.   To the extent that YOU contend that potentially relevant documents might reside on dynamic databases or other non-static computer systems, YOU shall identify all such databases or systems with specificity and identify the types of potentially relevant documents that might reside on such databases or systems.

L.   If YOU assert any privilege in responding to any request, describe in detail in each instance the type of privilege asserted, the basis for the assertion, all facts relied upon in support of the claim of privilege or related thereto, and identify, to the fullest extent short of waiver, all information as to which YOU claim a privilege.

M. If privileged or protected information stored in electronic data is inadvertently produced, YOU may by timely notice assert the privilege or protection and YOU may obtain return of the materials without waiver. For this reason, YOU may not avoid or delay production obligations based on blanket, non-specific assertions of privilege or other protection.

N. If, after making your initial production and inspection, YOU obtain or become aware of any further DOCUMENTS or ELECTRONICALLY STORED INFORMATION responsive to these requests, YOU are required to produce such additional documents to PLAINTIFF'S counsel in this LAWSUIT pursuant to Rule 26(e) of the Federal Rules of Civil Procedure.

O. In construing any Request, the singular form of a word shall be interpreted as plural and plural as singular as necessary to bring within the scope of the Request any information or documents which might otherwise be construed to be outside its scope.

P. In construing any Request, whenever appropriate, "and" as well as "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the Request any information which might otherwise be construed to be outside its scope; and "all" shall mean "any and all," unless the context requires otherwise.

Q. Each Request shall be construed independently and not with reference to any other Request herein for purposes of limitation, unless a Request so specifies.

**DOCUMENTS TO BE PRODUCED AT THE DEPOSITION**

1. Documents evidencing HKB, Inc. dba Southwest Industrial Rigging protocols, procedures, guidelines, standards; policy manual(s) for your position as Project Manager;

///
///

2.  Documents evidencing written communications between you and HKB, Inc., dba Southwest Industrial Rigging related to signing a memorandum agreement with the Southwest Regional Council of Carpenters (or its affiliated bodies like United Brotherhood of Carpenters, Joiners of America; and Arizona Local 1607);

3.  Documents evidencing any written instruction to you stating you did not have authority to sign contracts on behalf of the company;

4.  Documents evidencing any training materials provided to you as Project Manager;

5.  Documents evidencing any written communications between Southwest Regional Council of Carpenters (or its affiliated bodies like United Brotherhood of Carpenters, Joiners of America; and Arizona Local 1607 and yourself